(18 App. Div. 329.)

KELLY v. MESIER et al.

(Supreme Court, Appellate Division, Second Department.    June 22, 1897.)

1. SALE—DELIVERY—CHANGE OF POSSESSION.
    In an action against the indemnitors of a sheriff who had levied on certain chattels as the property of M., plaintiff (M.'s sister) offered evidence to show that M. was indebted to her; that he made a bill of sale of the chattels to her; that she thereafter took possession, notified dealers of the transfer, employed M. as manager on a salary, opened a bank account and paid the expense of the business.    Held, that this was a sufficient delivery and change of possession to support the title of the plaintiff.

2. EVIDENCE OF VALUE.
    The amount bid at a sheriff's sale to realize the amount of the execution under which he sells is not conclusive evidence of the value of the property sold, and cannot control other positive testimony as to its value.

Appeal from judgment on report of referee.

Action by Amy C. Kelly against Louis Mesier and D. W. Hibbard. Judgment for plaintiff on report of referee, and defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William L. Mathot, for appellants.
Charles Benner, for respondent.

GOODRICH, P. J.    On February 9, 1893, Gautier & Pearson obtained a judgment against Michael E. Kelly for $242.70.    Under an execution issued upon this judgment, the sheriff of Queens county sold a stone monument.    Before the sale, Miss Kelly served upon the sheriff a notice claiming ownership of the monument, whereupon the defendants executed a bond of indemnity to the sheriff.    This action was commenced against the sheriff to recover the value of the monument, the appellants being afterwards substituted as defendants upon their own motion.    The plaintiff claims that she became owner of the monument under a bill of sale from her brother Michael dated October 4, 1892, and that the consideration of this bill of sale, which also conveyed all the other stock in trade of Michael, who had been engaged in the business of stonecutting, was two notes of Michael's,—one for $2,000, dated July 20, 1892, payable in 48 days; the other for $467, dated August 8, 1892, payable in 30 days.    There is evidence tending to show that Michael at the time of this transfer was indebted to the plaintiff for advances made to him in his business; that she had property of her own, inherited from her father; that the transfer of the property was made to pay that indebtedness; that after the transfer the plaintiff took possession of the property and business; she notified dealers of the transfer, appointed her brother as the manager on a salary, opened a bank account, and paid the expenses of the business; and that no one except herself was interested in the business after that time.    This constitutes a sufficient delivery of the property and change of possession to support the title of the plaintiff.

The appellants also contend that there is no sufficient evidence of the value of the monument sold by the sheriff, and its identity with

the one mentioned in the bill of sale. There is testimony sufficient to support the decision of the referee on both questions. The plaintiff and another witness who was in the stonecutting business testified that the value was $500. It is true that the price realized at the sheriff's sale was only $242, but this fact must be taken in considera-tion with the other evidence as to value, and there is no reason to dis-turb the referee's decision upon that question. The amount of the bid at the sheriff's sale was simply to realize the amount of the execution, and this bid cannot control the other positive testimony as to the value of the monument. I also hold that the evidence sufficiently es-tablished the identity of the monument.

I have carefully examined the exceptions taken by the appellants, but do not find any of them of sufficient importance to justify a re-versal. The judgment should be affirmed. All concur.